IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN MATEO ELECTRICAL WORKERS HEALTH CARE TRUST, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MICHAEL BIRKELAND,<br><br>    Defendant.<br>_____ / | No. C -14-00142(EDL)<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

Plaintiffs file this action pursuant to Section 3 and Section 515 of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(5), 1145, and Section 301 of the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. §§ 1132, 185, alleging that Defendant Michael Birkeland violated a Collective Bargaining Agreement. Plaintiffs seek an order requiring payment of delinquent employer contributions to the bargained plans in accordance with the Collective Bargaining Agreement. Plaintiffs also seek liquidated damages, interest, attorney's fees, and costs.

Defendant was served with the summons and complaint, and a proof of service was filed with the Court on February 17, 2014. (Dkt. 5.) Defendant failed to respond to the complaint, and on March 26, 2014, the clerk entered default against Defendant under Federal Rule of Civil Procedure 55(a). (Dkt 13.)

On June 5, 2014, Plaintiffs filed their Motion for Default Judgment against Defendant. (Dkt. 16.) In this Motion for Default Judgment, Plaintiffs seek judgment against Defendant in the amount of the unpaid contributions, liquidated damages, and interest. Plaintiffs also seek an award of attorney's fees and costs. The Court held a hearing on Plaintiffs' Motion on July 8, 2014. Plaintiffs were represented by Lois H. Chang. There was no appearance for Defendant. For the reasons stated at the hearing and in this Report and Recommendation, the Court recommends granting Plaintiffs' Motion for Default Judgment in the amount of $80,007.94.

**DISCUSSION**

    **Individual Liability of Defendant**

    Plaintiffs seek default judgment against Defendant as an individual. Defendant can be individually liable if he is a fiduciary of the employer at issue, F. Connolly Co. See Yeseta v. Baima, 837 F.2d 380, 381-382 (9th Cir. 1988). ERISA Section 3(21)(A) has been interpreted as requiring "a broad definition of fiduciary." See Ariz. State Carpenters Trust Fund v. Citibank, 125 F.3d 715, 720 (9th Cir. 1997); Bd. of Trs. of the Air-conditioning & Refrigeration Indus. Health & Welfare Trust Fund v. J.R.D. Mech. Servs., Inc. & James R. Divers, 99 F. Supp. 2d 1115, 1120 (C.D. Cal. 1999) ("Unlike the common law definition under which fiduciary status is determined by virtue of the position a person holds, ERISA's definition is functional.") (citation omitted); see also Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 113 (1989) ("one is a fiduciary to the extent he exercises any discretionary authority or control."); Acosta v. Pacific Enters., 950 F.2d 611, 618 (9th Cir. 1992) ("a person's actions, not the official designation of his role, determine whether he enjoys fiduciary status"). To find Defendant a fiduciary, the Court must determine: (1) whether the unpaid contributions were trust assets, and (2) whether Defendant did in fact exercise discretionary authority or control over those assets. See Bd. of Trs., 99 F. Supp. 2d 1115, 1120.

    In this case, the trust agreements provide that "[p]ayments required to be made pursuant to the Collective Bargaining Agreement . . . are considered Plan Assets upon the due date for contributions once the Participants have worked the covered employment requiring contributions by a specified date and the individuals who make the determination to pay or not pay such contributions are considered fiduciaries in making such decisions." (Stephenson Decl. Exs. C at 4, D at 4.) Thus, Defendant is a fiduciary if he as individual "who make[s] the determination to pay or not pay" the contributions at issue in this case. Plaintiffs allege that Defendant "deliberately failed to pay the fringe benefits due to the Plaintiff Trust Funds" and consequently breached a fiduciary duty. (Mot. at 3.) They also allege that Defendant is "the Chief Executive Officer, Responsible Managing Officer and President" of the employer at issue and signed the letter of assent to the Collective Bargaining Agreement on its behalf. (Cmplt. ¶ 6.) Additionally, in a chance encounter at a California restaurant, Defendant "explicitly admitted" to Plaintiffs' counsel "that he owed money to

the Plaintiff Trust Funds." (Bissen Decl. ¶ 6.) Further, because Defendant has failed to respond to the Complaint, he is deemed to have admitted Plaintiffs' factual allegations regarding his status as a fiduciary. See Fed. R. Civ. P. 8(b)(6); Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). On balance, the Court recommends finding that Defendant is a fiduciary and is personally liable for unpaid and delinquent contributions.

**Default Judgment**

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 521(b)(1). There is no indication in the record that Defendant is an unrepresented minor, incompetent person, or a person in military service, or otherwise exempted from default judgment.

Upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Televideo Sys., 826 F.2d at 917-18 (citing Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)). Necessary facts not contained in the pleadings, and claims which are legally insufficient, however, are not established by default. Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992). Relief is limited to the plaintiff's specific demand in his complaint. Fed. R. Civ. P. 54(c). Entry of default judgment requires the consideration of several factors, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the majority of Eitel factors weigh in favor of entry of default judgment. Plaintiffs' claims appear to have merit and the complaint is sufficient to state those claims. The majority of the remaining Eitel factors also weigh in favor of granting default judgment. First, if the motion were denied, Plaintiffs would likely be without a remedy. See Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Second, because Defendant did not file an answer to the complaint, there is nothing to suggest that there is a possibility of a dispute

concerning material facts – indeed, Plaintiffs offered evidence suggesting that Defendant admitted liability.  (See Bissen Decl. ¶ 6.)  Third, the sum of money at stake in this action is proportionate; the amount represents the total sum owed under the Collective Bargaining Agreements.  Finally, there is no evidence that Defendant's default was due to excusable neglect.

In an action to enforce payment of delinquent contributions, "the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) . . . (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs . . . ."  See 29 U.S.C. § 1132(g)(2).  An award under section 1132(g)(2) is appropriate based on the amount of contributions that were delinquent at the time of suit.  See, e.g., Idaho Plumbers & Pipefitters & Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215-16 (9th Cir. 1989) ("[W]hen (1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages," section 1132(g)(2) is triggered and a liquidated damages award is mandatory.); Bd. of Trs. of the Sheet Metal Workers v. Gen. Facilities, Inc., No. 02-CV-4663 (CRB), 2003 WL 1790837, at *2 (N.D. Cal. Mar. 31, 2003).

Plaintiffs have the burden of proving their entitlement to relief through testimony or declarations.  To that end, Plaintiffs submitted the declarations of Sandy Stephenson and counsel Eileen M. Bissen.  The evidence establishes that Plaintiffs are several multi-employer benefit plans ("Trust Funds"), a trustee of those Trust Funds, and an employer association.  The evidence also establishes that Defendant failed to pay required contributions to the Trust Funds during the months of November 2012 through February 2013 (Stephenson Decl. ¶¶ 9-17 & Exs. F-I); however, he partially paid his required contributions to the Trust Funds for the month of November 2012 via three separate payments made in January, March, and April 2013.  (Id. ¶¶ 11-14.)

Because the contributions were unpaid, Plaintiffs assessed liquidated damages and interest against Defendant.  (Id. ¶¶ 9-17.)  The Collective Bargaining Agreement provides that liquidated damages are assessed in the amount of 10% of the indebtedness or $50, whichever is greater.  (Id. Ex. B § 6.06(g)(1).)  Additionally, the Trust Agreements provide for interest at the rate of 10% per annum.  (Id. Exs. C at 7, D at 7, E at 4.)  The total unpaid principal benefit contributions is

4

$56,119.55.  (Id. ¶ 18.)  The total liquidated damages is $9,908.42, and the interest for unpaid contributions is $10,969.83.  (Id.)

Attorney's fees and costs of action shall be awarded to a Trust Fund or Employee Benefit Plan that receives a judgment in its favor.  See 29 U.S.C. § 1132(g)(2)(D).  Further, the Collective Bargaining Agreement in this case provides for the recovery of attorney's fees and costs in an action to enforce the Agreements and recover delinquent amounts due.  (Stephenson Decl. Ex. B § 6.06(g)(1).)  Plaintiffs have submitted the declaration of attorney Eileen M. Bissen (Dkt. 18) to prove attorney's fees and costs.  Ms. Bissen states that Plaintiffs' attorneys are seeking a reimbursement for a total of 11.3 hours working on this case.  (Bissen Decl. ¶ 3.)  She calculates that in prosecuting this action, Plaintiffs' attorneys incurred a total of $2,542.50 in fees and $467.64 in costs.  (Id. ¶¶ 3-4.)  Ms. Bissen states that she is a shareholder in Neyhart, Anderson, Flynn & Grosboll.  She worked on this case along with a six-year associate.  They bill Plaintiffs for their services at a rate of $225.00 per hour, plus certain out of pocket costs.  (Id. at 2.)  The amount of time expended and the billing rates are reasonable given the work performed.  In addition, the costs are reasonable.

**CONCLUSION**

For the reasons set forth above, and for good cause shown, it is hereby recommended that default judgment be entered in the amount of $80,007.94, which is comprised of: $56,119.55 in unpaid contributions, $9,908.42 in liquidated damages, $10,969.83 in interest, $2,542.50 in attorney's fees and $467.64 in costs.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: July 9, 2014

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

5